421 So.2d 461 (1982)
William MECHE, Defendant-in-Rule-Appellant,
v.
Justine Bruner GRAHAM, et al., Plaintiffs-in-Rule-Appellees.
No. 82-157.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*462 Shelton & Legendre, T. Robert Shelton, Lafayette, for plaintiffs-appellants.
J.W. Landry, Jr., Crowley, for defendant-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
CULPEPPER, Judge.
This is a rule seeking a mandatory injunction ordering removal of a fence. It was filed by the defendants in a pending petitory action against the plaintiffs in that action and others who allegedly disturbed the possession of the defendants in the petitory action. We will designate the parties as they stand in the rule to show cause, plaintiffs-in-rule as plaintiffs, and defendants-in-rule as defendants. The trial court granted the injunction sought by the plaintiffs and ordered removal of the fence. Defendants appeal.
The questions raised are: (1) Did the trial court err in granting injunctive relief in a petitory action? (2) Even if injunctive relief is appropriate in this case, did the district court err in holding the plaintiffs had such possession of the property in question as is necessary to entitle them to injunctive relief?

FACTS
In 1973, William Meche filed a petitory action against his neighboring landowners to the north, Justine Bruner Graham, the Jack Bonin Estate, and the heirs of Jack Bonin (hereinafter the Bonins), claiming ownership of a strip of land. This strip of land lies just north of an old fence line and tree line which had previously been accepted as the boundary between the two properties. However, the petitory action has never come to trial.
Mr. Meche is now deceased. After his death, the defendants in this rule went upon the property in question and placed surveyor's stakes some 45 to 55 feet north of the old boundary line. The defendants stated that they placed the stakes on levees which had been prepared by plaintiffs for planting of the 1980 rice crop. There was some dispute as to the exact date on which this was done, the defendants testifying that it was done in December of 1979, and the tenant farmers of the property testifying that they did not see the stakes until the first time they flooded the 1980 crop, in late March at the earliest.
The plaintiffs left the stakes where they were, and the tenants merely went around them when they harvested their crops. Then in January, 1981, on the same lines on which the stakes were placed, the defendants erected a fence of steel posts and barbed wire. The plaintiffs thereupon filed this rule for a preliminary injunction to restrain the defendants from interfering with their possession of the property, and for a mandatory injunction ordering the defendants to remove the new fence and replace the parts of the old one which had been torn down.
The trial court overruled the defendants' exception to the use of summary process and the exceptions of no cause and/or right of action in a hearing held in March, 1981. The rule for injunctive relief was heard on *463 September 10, 1981. After taking the matter under advisement, the trial court rendered judgment in favor of the plaintiffs-in-rule, granting their request for an injunction restraining the defendants from interfering with plaintiffs' possession of the disputed strip of property and ordering removal of the new fence and restoration of the old one. From this judgment, the defendants appeal, arguing that injunctive relief was improper in a suit such as this and that, even if an injunction were proper relief, the plaintiffs failed to prove the requisite possession of the property to entitle them to an injunction.

INJUNCTIVE RELIEF
The defendants-in-rule contend the plaintiffs-in-rule are not entitled to injunctive relief because injunction is not an available remedy in a petitory action. As authority for this position, we are cited to Eshleman v. Duracher, 325 So.2d 688 (La.App. 1st Cir.1976). That case was originally a possessory action by the plaintiff which was converted into a petitory action by the reconventional demand of the defendant. The First Circuit dissolved the injunction granted by the trial court against interference with the plaintiffs' possession, reasoning that since the case had been converted to a petitory action, the relief provided by LSA-C.C.P. article 3663 was thus unavailable to the plaintiff there.
LSA-C.C.P. article 3663 provides, in pertinent part, as follows:
"Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right therein, is available to:
(1) A plaintiff in a possessory action, during the pendency thereof; and
(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment."
It is stated in the Official Revision Comments of that article that the purpose is to make injunctive relief available in two separate and distinct types of cases:
"(1) as an ancillary remedy in a possessory action; and (2) as the relief to be granted in an injunction suit brought to enjoin trespassers and other disturbers, and which is neither a possessory nor a petitory action. See Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123 (1936)."
As pointed out by the trial court in his written opinion, this article thus provides the means of protecting the possessor's interest in property which is the subject of the possessory action which he has instituted. The purpose is to preserve the status quo during the pendency of the action. The reason injunctive relief is unavailable in a petitory action is that the bringing of the action is an admission by the plaintiff that he is not in possession of the property, and an injunction in the plaintiff's favor would allow circumvention of the burden of proof of ownership.
The instant situation was accurately described by the trial court when it stated in its written opinion:
"The Court is being asked by the defendants in a petitory action to enjoin plaintiffs from pursuing a self-help method during the pendency of the action on the merits. The plaintiffs in rule/original defendants appear to be merely attempting to maintain the status quo at the time the original lawsuit was instituted."
Those who have established the right to possession of property are entitled to be maintained in possession unless and until the issue of ownership has been heard and decided. Injunctive relief is the means by which this end may be accomplished. See Loeblich v. Garnier, 113 So.2d 95 (La. App. 1st Cir.1959).
The defendants initiated the petitory action which they contend deprives the plaintiffs of the injunctive relief sought. Inherent in the petitory action is the admission that the plaintiffs are not in possession of the property. This action was not pursued. They then took matters into their own hands, constructed a new fence to include *464 the disputed property and tore down the old fence. Now they argue that the plaintiffs-in-rule have no right to enjoin them from pursuit of such self-help methods, frowned upon by the laws and the courts of this state. We cannot agree with such a contention. To so hold would defeat the purpose of LSA-C.C.P. article 3663 upon which this suit is grounded, by allowing either party in a property dispute to defeat the others request for an injunction merely by converting to a petitory action. We affirm the trial court's holding on this issue.

POSSESSION
Defendants-in-rule next contend that, even if injunctive relief is available to the plaintiffs-in-rule, they are not entitled to enjoin the defendants and have the new fence removed because plaintiffs-in-rule were not in uninterrupted possession of the strip of land for a year before the erection of the fence.
A party relying on LSA-C.C.P. article 3663 must have possession of the property for one year prior to the disturbance and suit must be brought within one year of the disturbance. Ryan v. Pekinto, 387 So.2d 1325 (La.App. 1st Cir.1980), writ denied 394 So.2d 615 (La.1980). The defendants argue that their erection of surveyor's stakes disturbed the possession of the plaintiffs, and since plaintiffs did not file this rule until more than one year after the initial disturbance, the plaintiffs did not have possession as required by the law on possession.
The question of whether the acts of the defendants were sufficient to usurp the Bonins' right to possess the property is a factual determination to be made by the trier of fact, and not to be disturbed on appeal unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Ryan v. Pekinto, supra.
There is no doubt that the Bonins had corporeal possession of the disputed property through their agricultural tenants for many years. While there was conflicting testimony as to when the defendants placed the surveyor's stakes on the property, the trial court assumed the stakes had been in place for 13 months when the fence was erected and the suit was filed.
It is well established that the quality of possession required to entitle one to bring a possessory action, or also effectively usurp another's right to possession, depends on the type of land in dispute. Liner v. Louisiana Land & Exploration, 319 So.2d 766 (La.1975). The trial court held that the mere placing of the surveyor's stakes was not sufficient to usurp the plaintiffs' corporeal possession exercised by continued cultivation. The court felt that this was not sufficient activity to put the Bonins on notice that their dominion over this property was being challenged. We agree.
The testimony of the tenant farmers established that these stakes did not interfere with their farming. They continued to go right up to the old line and the Bonins received that crop money attributable to the strip in dispute for the 1980 crop year. There was no actual disturbance of the plaintiffs' possession of the property until erection of the fence.
The defendants cite Olin Kraft, Inc. v. Allen, 333 So.2d 250 (La.App. 2d Cir.1976) to support the argument that surveying the property and marking boundaries is sufficient to dispossess one party and begin the possession of another. However, that case involved wood land, not farm land as we have here. More activity is required to denote a challenge to the possession of land being farmed than the possession of wood land. Furthermore, Louisiana courts have been fairly consistent in holding that surveying and acts preparatory to it are insufficient to interrupt another person's corporeal possession. See Pitre v. Tenneco Oil Company, 385 So.2d 840 (La.App. 1st Cir. 1980), writ denied 392 So.2d 678 (La.1980) and cases cited therein.
We find that the trial court's holding that the Bonins were in possession of the property in dispute up until erection of the fence, and that the placing of surveyor's stakes was insufficient to disturb the plaintiffs' possession of the property is not clearly *465 wrong. It will therefore not be disturbed on this appeal. Thus, the plaintiffs brought suit within a year of the initial disturbance of their possession  building of the fence  and are entitled to be restored to peaceful possession of the property in dispute.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-in-rule-appellants.
AFFIRMED.