454 So.2d 431 (1984)
Leo Paul ROMAR, Plaintiff-Appellant,
v.
ESTATE OF Mrs. Irene GAY and Nolan Soileau, Curator, Defendant-Appellee.
No. 83-849.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1984.
*433 Skipper M. Drost, Sulphur, for plaintiff-appellant.
Duval, Funderburk, Sundberry & Lovell, Clayton E. Lovell, Houma, for defendant-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Leo Paul Romar brought a possessory action against Nolan Soileau and Murrell A. Richard, the joint testamentary executors of the Estate of Mrs. Irene Gay, on april 14, 1980, alleging that the defendants had disturbed his possession of approximately 188.9 acres by sending him a demand letter on February 25, 1980, ordering him to remove his fences and leave the property.
In a separate action, the joint executors filed a petition for injunctive relief to prevent Romar from cutting and removing timber from the disputed tract. The two actions were consolidated for trial. The trial court dismissed Romar's possessory action with prejudice and granted the injunctive relief sought by the Estate of Irene Gay. We affirm.
Romar appeals contending that the trial court erred: (1) in failing to find that his activities constituted corporeal possession of the disputed property; and, (2) in granting injunctive relief to the Estate of Irene Gay.

POSSESSION
In establishing a possessory action the following procedural articles are pertinent. LSA-C.C.P. Art. 3658 provides:
"To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance."
LSA-C.C.P. Art. 3660 provides in pertinent part:
"A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper."
The question of whether the acts of Romar constitute possession is a factual determination by the trial court and its determination will not be disturbed on appeal unless it was clearly wrong. Meche v. Graham, 421 So.2d 461 (La.App. 3rd Cir. 1982); Ryan v. Pekinto, 387 So.2d 1325 (La.App. 1st Cir.1980), writ denied 394 So.2d 615 (La.1980); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In any possessory action the burden of proof is upon the plaintiff to establish the essential elements thereof. C.C.P. Art. 3658; Chaney v. State Mineral Bd., 444 So.2d 105 (La.1983).
Romar stipulated that title to the disputed property was in the name of Irene Gay (now her estate). However, he contends that he has possessed this property since 1935, when his father, now deceased, erected a fence enclosing the property, and that he has continued to maintain and repair it ever since.
Romar, since he is not the titled owner, has the burden of proving possession, to the extent of corporeal possession. LSA-C.C. Art. 3426 provides in pertinent part: "... In the absence of title, one has possession only of the area he actually possesses." Corporeal possession is defined in LSA-C.C. Art. 3425 as "... the exercise of *434 physical acts of use, detention, or enjoyment over a thing."
This burden of proof was addressed in City of New Orleans v. New Orleans Canal, Inc., et al., 412 So.2d 975 (La.1982) (On Rehearing), as follows:

"When a possessor has a title, his exercise of possession over a part of the property constitutes the exercise of constructive possession of the whole; however, when a possessor does not have a title, his claim of possession is limited in extent to that property shown by enclosures (artificial or natural boundaries) and his possession must be proved `inch by inch', so that the possessor must establish actual, physical and corporeal possession over the entire amount of land claimed in the possessory action. Stated otherwise, the possessor without title is entitled to be maintained in possession only to the extent of the boundaries within which he proved actual, physical and corporeal possession." (Citations omitted.) (Emphasis added.)

Further in City of New Orleans, supra, the term "enclosures" as applied to the possessory action was explained as follows:

"`Enclosed' does not necessarily mean `fenced in', but does require `that the land actually, physically, and corporeally possessed by one as owner must be established with certainty, [whether] by natural or by artificial marks; that is, that they must be sufficient to give definite notice to the public and all the world of the character and extent of the possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof.' Hill v. Richey, 221 La. 402, 59 So.2d 434 [at 441] (1952)"

The requisite possession to entitle one to bring the possessory action is identical to the possession which is required to commence the running of acquisitive prescription. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La. 1975). The corporeal possession required in a particular case is "... governed by the nature of the land and the use to which the land is put." Cheramie v. Cheramie, 391 So.2d 1126 (La.1980); Liner, supra.
In the case sub judice, the disputed property is used as woodland. Although some of the testimony was contradictory, it nonetheless established that: (1) as late as 1965 there was no fence along the southern and eastern perimeter of the property, and after that date landowners adjacent to the disputed property erected a fence along those boundaries which were continuously maintained by them; (2) until 1973 no fence existed along the western edge of the disputed property because cows repeatedly wandered into the adjacent soybean fields; (3) no visible enclosure existed along the northern boundary; (4) the neighboring landowners never saw Romar or his family maintain the fence.
The possessor of land claiming ownership by possession rather than title, must have uninterrupted possession, with the intent to possess as owner. In City of New Orleans, supra, the Louisiana Supreme Court stated:

"[The corporeal possession required to institute a possessory action] must be open, continuous, public, unequivocal and uninterrupted with the intent to possess as owner. Succession of Kemp v. Robertson, 316 So.2d 919 (La.App., 1975), writ den. 320 So.2d 906 [(La. 1975)]. The intent to possess as owner cannot be inferred when the circumstances are insufficient to give reasonable notice to the public and the owner of the property that the possessor is unequivocally possessing as owner. Woodell v. Roberts, 329 So.2d 858 (La. App.1976), writ ref. 333 So.2d 248 [(La. 1976)]."

Romar contended that he and his family have annually hunted the entirety of the disputed property. We observe however, that the neighbors and most of the witnesses who testified stated that they, too, hunted the disputed woodland without obtaining permission. Romar also attempted to show that he used the property to graze cows and horses. Witnesses' testimonies varied *435 from having seen no animals on the property to having seen anywhere from three to twenty animals. Although the record supports the conclusion that some animals did graze on some of the property, it is inconclusive regarding the portion of the disputed woodland on which the grazing activity took place. In a similar vein, Romar's son testified that he posted the property within the last several years. Again, this evidence was directly contradicted by a witness who testified that he and his sons obtained a verbal hunting lease on the woodland from the titled owner and had posted the disputed property themselves.
Romar further contends that he conducted logging operations and built improvements on the disputed land. Continuous possession must be exercised at regular intervals. Harvey v. Harvey, 431 So.2d 786 (La.App. 1st Cir.1983). His actions were not continuous. The only cutting of logs which took place on the property occurred, for three months duration, in 1963, 1964, and 1965. It was not until after Romar initiated this possessory action in 1980 that he again logged. Similarly, the only improvements placed on the property by Romar were a small tree house and a corral in 1951, both of which have totally deteriorated.
Two groups of opposing witnesses attempted to demonstrate activities to the trial court to establish the contradictory claims of possession urged by the parties. The trial judge viewed all the witnesses and examined the evidence, and concluded that Romar's activities on the disputed property were not sufficiently open, continuous, public, unequivocal, and uninterrupted to put the public on notice that he was possessing the 188.9 acres as owner. The record, taken in its entirety, supports the trial judge's factual determinations and will not be disturbed. Meche, supra; Arceneaux, supra.

INJUNCTION
Romar next contends that the trial court improperly granted injunctive relief to the Estate of Irene Gay.
LSA-C.C.P. Art. 3663 provides injunctive relief in two cases: (1) as an ancillary remedy in a possessory action; and (2) as the relief granted in an injunction suit which is neither a possessory nor a petitory action brought to enjoin trespassers and other disturbers. Official Revision Comments to C.C.P. Art. 3663; Ryan, supra. The requisite proof for this injunction is (1) possession of the property for more than one year prior to the disturbance; (2) that a disturbance occurred; and (3) that suit was filed within one year of the disturbance. Ward v. Standard Materials, Incorporated, 293 So.2d 885 (La.App. 1st Cir.1974). Possession of the property for more than one year by the Estate of Irene Gay is all that is at issue on appeal.
Possession is an indispensible prerequisite for a party relying on Art. 3663. Ryan, supra; Babington Children Trusts v. Eimer, 285 So.2d 792 (La.1973). A titled owner has a lesser burden of proving possession than does a trespasser since the owner can rely on constructive possession in which possession of part is possession of the whole, whereas the trespasser must corporeally possess within boundaries. Ward, supra; Ryan, supra.
It was stipulated that Irene Gay (and now her estate) was the titled owner of the disputed property. She acquired title to the property in 1948. She granted surface leases, mineral leases and rights of way. Her employees regularly inspected the property until the early 1970s. Since 1971 Soileau held Irene Gay's power of attorney until her death, and administered her property. Approximately two years prior to this lawsuit he entered into a verbal agreement with Albert Lanclos for hunting rights on the disputed lands. Mr. Lanclos and his sons regularly camped in the woods, sometimes four nights at a time, hunted the entire disputed land, and put posted signs along the perimeter of the woods. The executors of the Estate of Irene Gay also introduced numerous exhibits including tax receipts, aerial photographs, *436 and a survey of the property dated April 16, 1980.
After observing all the witnesses and examining the evidence, the trial judge concluded that the Estate of Irene Gay established the requisite possession to obtain injunctive relief and that Romar's acts had not amounted to an eviction. Taken in its entirety, the record supports the trial court's factual determinations and will not be disturbed. Arceneaux, supra.
Romar also urges that before obtaining an injunction, the Estate of Irene Gay should have been required to prove title good against the world. We find this to be without merit since title was not at issue. C.C.P. Art. 3663; Ryan, supra; Ward, supra.
For the foregoing reasons, the trial court's judgments are affirmed. All costs of the appeal are assessed against the appellant, Leo Paul Romar.
AFFIRMED.