393 So.2d 405 (1980)
Anna Naquin WINJUM et al
v.
J. G. DUPLANTIS.
No. 13845.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
*406 E. Wade Shows, Baton Rouge, counsel for plaintiffs-appellants, Anna Naquin Winjum et al.
Jude Thaddeus Fanguy, Houma, counsel for defendant-appellee, J. G. Duplantis, Jr.
Stanwood R. Duval, Jr., Houma, counsel for third party defendants-appellees, Jeanne Cenac et al.
Leslie J. Clement, Jr., Thibodaux, counsel for third party defendant-appellee, Estate of Henry A. Klingman.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is a petitory action, or, in the alternative, an action for a declaratory judgment. The trial court sustained defendant's plea of ten year's acquisitive prescription and declared him owner of the disputed property. Plaintiff appealed.
The issues are: ten-year acquisitive prescription, thirty-year's acquisitive prescription and the judicial description of the property.
We affirm.
Both plaintiff and defendant claim ownership of some land in Lafourche and Terrebonne Parishes. Plaintiff has record title traceable to land grants from the State of Louisiana. The patent to which defendant traces his title is defective in that it describes land in another section. Beginning in 1909, however, all subsequent transfers by defendant's ancestors in title identify the property correctly as being bounded by the estates of other individuals. Defendant's ancestors in title corporeally possessed the disputed property through their lessees from at least the late 1950's through at least 1972. Defendant's ancestors also executed several mineral leases on the property. Defendant purchased the property at a sheriff's sale pursuant to a partition by licitation in 1973.
Plaintiff brought a petitory action and in the alternative, requested the court to describe specifically the property should defendant be declared the owner. To plaintiff's claim of ownership, defendant set up his own title and alternative pleas of ten and thirty years prescription. The court sustained defendant's pleas of ten-year's acquisitive prescription.
Plaintiff claims defendant has not met the requirements to acquire ownership of an immovable through acquisitive prescription of ten years[1] because he is not a *407 good faith possessor as he purchased the property at a sheriff's sale pursuant to a partition by licitation. Plaintiff's complaint is without merit as defendant's good faith is not at issue.
There is no evidence to rebut the presumption that defendant's predecessors were in good faith. LSA-C.C. Art. 3481.
Defendant's knowledge of any defect in the title held by his predecessor is immaterial, if the predecessor has in fact accrued the necessary ten years. LSA-C.C. Art. 3482; Bishop Homes, Inc. v. Devall, 336 So.2d 313 (1st Cir. 1976), writ denied 338 So.2d 1155.
Plaintiff contends that the defect in the original patent precludes defendant's ancestors having a legal and transferable title to support acquisitive prescription. LSA-C.C. Art. 3483, supra. Defendant's predecessor's acquisitive prescription is based upon a deed that correctly describes the property as being bounded on various sides by the estates of other individuals;[2] it is sufficiently translative of title for purposes of ten-year's acquisitive prescription. LSA-C.C. Art. 3483; Authement v. Theriot, 292 So.2d 319 (La.App. 1st Cir. 1974).
Plaintiff then claims the nature of the possession exercised by defendant's predecessors was insufficient to establish acquisitive prescription. LSA-C.C. Art. 3479, supra, alleging that the exact extent of possession in Terrebonne Parish was never established. The record reveals that the property in dispute is an elongated triangle enclosed by fencing except for a small portion of swamp land in the tip of the triangle.
One who holds a deed translative of title is presumed to possess to the full extent of his title by any act of possession on his land, LSA-C.C. Arts. 3437, 3498;[3] *408 Marks v. Collier, 216 La. 1, 43 So.2d 16 (La.1949). However, plaintiff asserts that the effect of this constructive possession was lost by corporeal detention of the property by her ancestors. LSA-C.C. Art. 3449.[4]
There was some vague and at least partially disputed testimony of hunting, trapping and crawfishing in the swampy area. We agree with the trial court's finding that this was insufficient to prove corporeal possession under these circumstances.
For this reason we affirm the court's sustaining defendant's plea of ten year's acquisitive prescription.
Because we hold the trial court was correct in sustaining defendant's plea of ten year acquisitive prescription we need not address plaintiff's argument in opposition to thirty year's prescription.
Plaintiff claims the court erred in not defining the exact extent of defendant's ownership. The court described the property in accordance with defendant's deed as being bounded by the estates of other individuals. We are at a loss as to what plaintiff desires beyond that, since that is the description by which the property was obtained and since no one gave any proof of a better description. If plaintiff wanted a boundary action, she should have brought the proper action.
For the above reasons, the judgment of the trial court is affirmed. Costs are assessed against the plaintiff.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 3478:

"He who acquires an immovable in good faith and by just title prescribes for it in ten years ..."
LSA-C.C. Art. 3479:
"To acquire the ownership of immovables by the species of prescription which forms the subject of the present paragraph, four conditions must concur:
1. Good faith on the part of the possessor.
2. A title which shall be legal, and sufficient to transfer the property.
3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
4. And finally an object which may be acquired by prescription."
LSA-C.C. Art. 3481:
"Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it."
LSA-C.C. Art. 3482:
"It is sufficient if the possession has commenced in good faith; and if the possession should afterwards be held in bad faith, that shall not prevent the prescription."
LSA-C.C. Art. 3483:
"To be able to acquire by the species of prescription mentioned in this paragraph, a legal and transferable title of ownership in the possessor is necessary; this is what is called in law a just title."
LSA-C.C. Art. 3487:
"To enable one to plead the prescription treated of in this paragraph, it is necessary that the possession be distinguished by the following incidents:
1. That the possessor shall have held the thing in fact and in right, as owner; when, however, it is only necessary to complete a possession already begun, the civil possession shall suffice, provided it has been preceded by the corporal possession.
2. That the possession shall have been continuous and uninterrupted, peaceable, public and unequivocal; a clandestine possession would given no right to prescribe; but he who possesses by virtue of a title can not be considered as a clandestine possessor, for his title leads to the supposition that the possession commenced in good faith, and that is sufficient to enable him to plead prescription."
LSA-C.C. Art. 3433:
"One may possess a thing not only by one's self, but also by other persons.
Thus the proprietor of a house or other tenement possesses by his tenant, or by his farmer; the minor, by his tutor; and, in general, every proprietor, by the persons who hold the thing in his name."
[2] "A certain tract of land, situated in the Parishes of Lafourche and Terrebonne in this State, about twenty-two miles below the City of Houma, and measuring four arpents front, more or less on each side of the Bayou Point Au Chien, by depth of survey on each side of said Bayou, Bounded above on the right bank by land formerly belonging to Abel Thibodaux, now to Clarville Neal, and above on the left bank by land formerly belonging to Gabriel Bourg, now to James Neal, Jr., and below on both banks to land belonging to estate of Mrs. Abel Thibodaux, together with all buildings and improvements thereon and all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining."
[3] LSA-C.C. Art. 3437:

"It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that is included within the boundaries."
LSA-C.C. Art. 3498:
"When a person has a title and possession conformably to it, he is presumed to possess according to the title and to the full extent of its limits."
[4] LSA-C.C. Art. 3449:

"A possessor of an estate loses the possession against his consent:
1. When another expels him from it, whether by force in driving him away, or by usurping possession during his absence, and preventing him from re-entering.
2. When the possessor of an estate allowes it to be usurped and held for a year, without, during that time, having done any act of possession, or interfered with the usurper's possession."