MARION F. EDWARDS, Chief Judge.
 

 1 gDefendants/appellants, NPK, L.L.C. (“NPK”) and Parish Partners Company, L.L.C. (“PPC”), appeal a judgment in favor of plaintiff/appellee, Pam Solis (“Ms. Solis”), for repairs made to a condominium purchased by Ms. Solis. For reasons that follow, we affirm.
 

 FACTS
 

 NPK and PPC redeveloped a previously constructed structure into the Cleary Condominiums after Hurricane Katrina. In order to market the condos, the developers put out a brochure boasting granite floors in unit baths, all GE kitchen appliances with a one-year warranty, and ceramic floor tiles in kitchens. The common area was to be a five-story open air atrium with granite tile floors and a cascading water fall.
 

 Ms. Solis entered into a purchase agreement on March 6, 2007 with NPK for a purchase of one of these condominiums, Unit 301, for the price of $238,901. The purchase agreement contained an “as is clause and addendum” that reads, in pertinent part, as follows:
 

 Is All units are sold, and the condominium property in general is presented to all prospective purchasers, as is, without any warranty whatsoever, whether express or implied, including but not limited to any such warranties with respect to fitness for intended purpose or any such warranties against vices and defects, even hidden or latent defects that could not be discovered by an inspection, including but not limited to termites, mold (toxic or otherwise) and mildew as well as any lead based paint....
 

 However, because the condominium was not completed timely, the “as is” clause was made subject to a “punch list,” which provides in part as follows:
 

 Purchase [sic] shall inspect the Condominium with Seller’s representative and shall execute Seller’s form of inspection report (the “Inspection Report”) listing all items of work which the parties mutually agree are not in the condition required by this Agreement.... Seller shall complete the Punch List Items within a reasonable period of time after the Closing subject to delay caused by Purchaser, availability of labor and materials, and other circumstances beyond the reasonable control of Seller....
 

 The punch list was made by the parties, and the act of sale was passed on June 20, 2007. The punch list is four handwritten pages. Some of the items are crossed out and dated 6/13/07 and 6/20/07. However, ultimately all of the work was not completed, and some of the work that was done to complete the punch list caused further damage to the property. As a result, Ms. Solis filed this action against NPK and PPC making claims in redhibition, breach of contract, and a claim under the New Home Warranty Act.
 

 NPK and PPC answered the claims and subsequently filed a motion for summary judgment. The trial court granted sum
 
 *238
 
 mary judgment as to the claim under the New Home Warranty Act, but it denied the motion as to all other claims made by Ms. Solis. The matter went to trial on the remaining claims, after which, the trial court rendered judgment in favor of Ms. Solis in the amount of $23,192.35. It is that judgment that is before us in this appeal.
 

 \ ¿LAW AND ANALYSIS
 

 NPK and PPC argue that the trial court made an error of law in awarding damages pursuant to a contract claim that was not' noticed in the pleadings, necessitating a
 
 de novo
 
 review by this Court.
 

 NPK and PPC argue that Ms. Solis made a claim for redhibition, breach of contract, and violation of the New Home Warranty Act. They assert that, when the trial court found no claim under the New Home Warranty Act, and there was no basis for a redhibition claim, the matter should have been dismissed. Defendants/appellants defend this position by asserting that the only remaining claim, that of breach of contract, was defeated by the “as is” clause in the purchase agreement.
 

 We are not convinced by this argument. It is well established that Louisiana is a fact pleading state under the Louisiana Code of Civil Procedure.
 
 [1]
 
 As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. The theory of the case doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished.
 
 [2]
 
 Plaintiff must set forth facts surrounding the claim but is not required to assert all theories of recovery. Furthermore, courts should construe pleadings so as to achieve substantial justice and in order to reach the truth, should avoid the application of harsh, technical rules of pleading.
 
 [3]
 
 In this case, Ms. Solis’ petition sets forth facts which support an action in breach of contract for the agreement between the parties referred to as the punch list.
 

 | ¡¡Because we find no merit in this argument, we will review the findings of the trial court using the manifest error standard of review.
 

 It is clear from the transcript that the trial judge found there were no redhibitory defects in the condo. The trial judge further found that the punch list was a valid agreement between the parties to modify the “as is” agreement. We find that the testimony and exhibits support that finding.
 

 At the trial, Ms. Solis testified that, after her home in Chalmette was destroyed in Hurricane Katrina, she lived in Monroe, Louisiana; Houston, Texas; and then Slidell, Louisiana before she got a FEMA trailer in June 2006. In March 2006, Ms. Solis signed a purchase agreement to buy the condo at issue herein and was originally told the condo would be ready in about 90 days. However, in November she was informed that the condo would not be ready for another 90 days. Subsequently, she was given a date of April 30, 2007 for the closing. That date was not met by NPK and PPC. Because Ms. Solis was anxious to move out of her FEMA trailer and into her condo, she agreed to close on the condo before all of
 
 *239
 
 the construction work was complete. At that point, the parties agreed to enter into the “punch list” agreement. Originally, Ms. Solis typed out a document listing work that was not yet completed. That list was revised twice before the act of sale on June 20, 2007 to reflect work still unfinished as well as some repair work to correct work improperly done.
 

 Ms. Solis gave extensive testimony regarding work that was not completed and/or not completed properly, including improperly laid granite floor tiles, the absence of kick plates, problems with cabinets, the cooktop in the kitchen, and the Jacuzzi bath. She also testified that efforts by the defendants/appellants to complete work contained in the punch list caused further damage, especially to the wood floors.
 

 1 fiPraveen Kailas was stipulated to be the designated corporate representative of both NPK and PPC. He stipulated that the punch list was an agreement between the parties that reflected repairs NPK and PPC agreed to make to Ms. Solis’ unit. It is clear that it was intended that NPK and PPC would bear the costs of repairs and completion of work encompassed by the punch list and that NPK and PPC sent either employees or subcontractors to Ms. Solis’ home in an attempt to comply with the agreement.
 

 Ms. Solis offered the testimony of Troy Shirley, who was accepted as an expert in public adjusting of construction. He testified that he investigated Ms. Solis’ claim and completed a report of the damage and the cost of repairs. Both the report and the list of damages with costs are contained in the record. Mr. Shirley also gave the establishments from which the prices were obtained in most cases.
 

 Therefore, we find no error in the trial court’s finding that a contract existed between the parties that was breached by NPK and PPC.
 

 Based on the finding that the punch list was a valid contract between the parties and that the work was either not completed or caused further damages, the trial court awarded Ms. Solis $28,192.35.
 

 NPK and PPC seem to argue that the judgment and damages are based in tort and, therefore, improperly awarded. In support of this argument, they refer us to general law relating to the responsibility of employers for damages caused by subcontractors.
 
 [4]
 
 We find no support for that argument in the record. The damages awarded are all actual damages caused directly from the breach of the punch list agreement. They were completely supported and delineated by the testimony of Mr. Shirley and Ms. Solis as well as the documentation introduced into the record. It is clear that the trial judge found that NPK and PPC agreed to repair and 17complete certain items at their own expense and failed to do so. The judgment sounds in breach of contract, not tort. We find the law of principal/employer and employee/independent contractor is irrelevant under these facts. NPK and PPC were bound by contract to comply with the punch list at their expense. Accordingly, the court awarded actual damages for breach of this contract. We find no error in that judgment or in the award of damages.
 

 For the reasons set forth in this opinion, we affirm the trial court’s judgment, and we assess costs of appeal to defendants/appellants, NPK and PPC.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Ellis v. Normal Life of La.,
 
 93-1009 (La.App. 5 Cir. 5/31/94), 638 So.2d 422, 427.
 

 [2]
 

 .
 
 First S. Prod. Credit Assoc. v. Georgia-Pacific,
 
 585 So.2d 545, 548 (La.1991).
 

 [3]
 

 .
 
 Gisclair v. Matmoor, Inc.,
 
 537 So.2d 876, 879 (La.App. 5 Cir. 1989).
 

 [4]
 

 .
 
 See,
 
 La. C.C. art. 2320.