*657
 
 CLARENCE E. McMANUS, Judge.
 

 | ¡.Plaintiff, Penny Brown Reynolds appeals from the trial court’s ruling denying her Petition for Eviction and Removal of a Structure. For the reasons that follow, we affirm the decision of the trial court.
 

 The property at issue is a tract of land located in the parish of St. John the Baptist. The tract (referred to as Parcel A) was purchased by Plaintiffs mother, Deforest M. Brown, on July 18, 1983. On that date, Ms. Brown sold a portion of the tract to plaintiff (referred to as Parcel B) and retained ownership of the remainder of the tract (referred to as Parcel C). Plaintiff and three sisters each obtained an undivided ⅜ interest in Parcel C after the death of Ms. Brown, by virtue of a judgment of possession rendered on September 11, 2008. They also inherited the trailer, located solely on Parcel C, which had been Ms. Brown’s residence. The trailer, but not the land, was sold to defendant, the maternal uncle of plaintiff and her sisters.
 

 | ¡Plaintiff instituted this action by the filing of a Petition for Eviction and Removal of
 
 Structure
 

 [1]
 

 .
 
 In her petition, she alleged that a trailer owned by Defendant sits in part on land owned by her. She further alleged that defendant erected a structure (patio/bar) on property owned by her, without her expressed consent. She originally sought removal of both the trailer and the structure.
 

 Initially, after a hearing, the trial court conditionally granted plaintiffs petition, subject to the results of a survey, as the record was devoid of any evidence proving the actual boundaries of the parcels. Thereafter, the trial court granted a new trial, conceding that it was error to conditionally grant the petition in the absence of a survey delineating property boundaries.
 

 A new trial was held, at which time the transcript of the previous trial was admitted into evidence. The trial court denied plaintiffs petition, find that the action was more akin to a petitory action than a pos-sessory action, and that plaintiff had failed to meet all of the elements necessary to maintain a petitory action.
 

 In this appeal, plaintiff alleges that the trial court erred in considering plaintiffs action as a petitory action, and in applying the burden of proof necessary in a petitory action; that the trial court erred in failing to find plaintiffs title sufficient and in failing to rule that the improvements on her property were hers as a matter of law; and in holding that defendant could not be evicted in the absence of a lessorfiessee relationship.
 

 The following facts were adduced from the evidence presented at the two trials.
 

 Randell Brown, defendant herein, stated that he does not own the property, and he does not have a written lease or other agreement with the plaintiff or with her sisters. He testified that his mother and father purchased tract A in 1946, and 14that Ms. Brown (his sister) purchased the property in 1983. He was unaware that Ms. Brown sold a portion to plaintiff at that time.
 

 Defendant testified that the family would gather at the property and in 1982, he began building a structure for family parties. The intent was to provide restroom accommodations for the family without the necessity of them having to utilize his mother’s home. He built a structure (classified by the testimony as a shed) with a kitchen and bathroom and also a covered patio. He worked on the project in stages until its completion in 1992. He further testified that he paid for the materials to
 
 *658
 
 build the project. During this time, Ms. Brown was aware the structure was being built, as was plaintiff, and that neither complained.
 

 We also note that while defendant constructed the structures for the use of his family members, he was not reimbursed for his materials costs or for his time and labor.
 

 Defendant stated that he purchased the trailer after Ms. Brown’s death, but not the property that it sits on. He did not discover plaintiffs ownership of Parcel C until she instituted suit in 2008. Furthermore, plaintiff did not request that he move the structure until 2008, which she also did via filing litigation.
 

 Steven Flynn of Riverland Surveying Company, professional land surveyor, surveyed the tract in question. The results showed that the trailer was located totally on Parcel C, and did not extend into plaintiffs lot. The back of the structure, consisting of a portion of the covered concrete driveway was located on Parcel B
 
 [2]
 
 . Mr. Flynn testified that when he conducted his survey, he divided Parcel A in half, believing that was the intent of the parties. However, the actual parcel is longer than the description in the Act of Sale, which provided that the parcel was 200 feet. As a result, plaintiffs parcel measures 107.56 feet. Flynn further stated |5that had he utilized the exact measure in plaintiffs Act of Sale, which was 100 feet from the rear property line, her parcel would be smaller by 7.56 feet.
 

 Plaintiff testified that she was a resident of Atlanta, Georgia, and had been so for the last twenty-two years. Plaintiff testified that the structure was originally built to accommodate family parties, and was done so with her mother’s permission. Plaintiff testified that she had knowledge of the structure from the time it was constructed. Her mother had passed away six years prior to trial. In 2005, after her mother’s death, she and her sisters sold the trailer, but not the land, to defendant. She did not tell defendant to remove the structure at that time.
 

 Plaintiff testified that she continually paid taxes on the property since its acquisition. She did not send Mr. Brown money to maintain the property (i.e. mow the grass) because she felt that it was his responsibility since he was there.
 

 Plaintiff testified that in the previous two years, she desired that the structure be removed. She admitted that she did not request that the structure be removed until 2008. Plaintiff stated that she did not tell anyone at the time she purchased the property from her mother, but she thought he mother had.
 

 In her first three allegations of error, plaintiff alleges that the trial court erred in finding that this matter was a petitory action, in applying the inappropriate burden of proof, and in failing to recognize plaintiffs apparent title.
 

 Plaintiff contends that her action is one of possession, and not a petitory action. Plaintiff instituted this action by the filing of a pleading captioned Petition for Eviction and for Removal of a Structure, alleging that defendant had erected a structure on property belonging to her, and seeking an order requiring defendant to “vacate the premises and tear down and remove the structure that is currently erected on [her] property.”
 

 | r,Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action.
 
 Wheat v.
 
 
 *659
 

 Nievar,
 
 07-0680 (La.App. 1 Cir. 2/8/08), 984 So.2d 773. Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties.
 
 Smith v. Cajun Insulation,
 
 392 So.2d 398, 402 n. 2 (La.1980). The trial court has a duty to recognize the true nature of the pleadings.
 
 Louisiana Livestock Sanitary Bd. v. Johnson,
 
 372 So.2d 585 (La.App. 3 Cir.1979), writ denied 373 So.2d 967 (La.1979). Because our civil procedure is based on fact pleading, LSA-C.C.P. arts. 854 and 891, the courts must look to the facts alleged to discover what, if any, relief is available to the parties.
 
 Carter v. Benson Automotive Co., Inc.
 
 94-261 (La.App. 5 Cir. 9/27/94), 643 So.2d 1314.
 

 Plaintiff alleges that this is a possessory action brought pursuant to LSA-C.C.P. Art. 3655, which provides that “The pos-sessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.”
 

 Plaintiff contends in this appeal, that she is in possession of the property in question by virtue of having paid the taxes on the property for the last 27 years. This, along with her title acquired in 1983 is sufficient to prove that she possesses the property. However, as noted by court in
 
 Simpson v. Davidson,
 
 35,048 (La.App. 2 Cir. 10/31/01), 799 So.2d 652, 656-657, noted that
 

 When a party possesses part of an immovable by virtue of a title, he constructively possesses to the limits of his title. La. C.C. art. 3426;
 
 Winjum v. Duplantis,
 
 393 So.2d 405 (La.App. 1st Cir.1980). However, he cannot depend on constructive possession to defeat adverse corporeal possession by another for a sufficient period of time to establish prescriptive title.
 
 Whitley v. Texaco, Inc.,
 
 434 So.2d 96 (La.App. 5th Cir.1982), writ denied, 435 So.2d 445 (La.1983). This follows from the rule that property cannot be Illegally possessed by adverse parties simultaneously, and constructive possession cannot prevail over adverse corporeal possession.
 
 Tenneco Oil Company v. Pitre,
 
 496 So.2d 502 (La.App. 1st Cir.1986), writ denied, 497 So.2d 1388 (La.1986).
 

 It is undisputed in the record that defendant is in, and has been, in corporeal possession of the property. Furthermore, plaintiff -by her own admission,, states that defendant’s possession is adverse to her interests, as she states in her petition that “defendant, Randell Brown, erected/built a patio/bar on the aforementioned property belonging to petitioner, Penny Brown Reynolds, without the expressed consent or permission of your petitioner.”
 

 LSA-C.C.P. art. 3651 provides that “The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership.”
 

 Given that the facts of this case, as pled are that plaintiff is the owner of certain immovable property and that defendant has possessed such property by virtue of the erecting a structure on the property, and that plaintiff, as owner, desires that the structure be removed, (or that the possession be discontinued), we agree with the trial court’s conclusion that the facts as pled support a petitory, rather than a pos-sessory action.
 

 Furthermore, plaintiff cannot maintain an alternative possessory action.
 
 *660
 
 LSA-C.C.P. art. 3657
 
 [3]
 
 specifically provides that a plaintiff may not cumulate a 1 spetitory and the possessory action in the same suit, and he cannot plead them in the alternative. If both are pled, the posses-sory action is waived.
 

 LSA-C.C.P. Art. 3653 provides:
 

 To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
 

 (1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
 

 (2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
 

 When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
 

 In the case of
 
 Langley v. Billiot,
 
 09-433 (La.App. 5 Cir. 11/24/09), 28 So.3d 1154, 1157, this court set forth the burden of proof in a petitory action such as this one:
 

 In
 
 Pure Oil Co. v. Skinner,
 
 294 So.2d 797 (La.1974), our supreme court held that a plaintiff not in possession versus a defendant who is in possession is required “to show good title against the world without regard to the title of the party in possession.” 294 So.2d at 799. Title is made out when an unbroken chain of valid titles from the sovereign is shown.
 
 Whitley v. Texaco, Inc.,
 
 434 So.2d 96, 103 (La.App. 5 Cir.1982), writ denied, 435 So.2d 445 (La.1983).
 

 “The case law is clear that ‘title good against the world’ means one must produce an unbroken chain of record title back or show ownership through acquisitive prescription.”
 
 Cuny v. Quinn,
 
 03-649, p. 5 (La.App. 5 Cir. 10/28/03), 860 So.2d 232, 237.
 

 Here, the only evidence presented by plaintiff to show title was the act of sale by which she acquired title from Ms. Brown. This is insufficient to prove good title against the world as mandated by
 
 Pure Oil Co., v. Skinner, supra.
 

 Plaintiff next argues that the trial court erred in finding that she could not maintain an eviction proceeding in the absence of a lease agreement. The parties do not dispute that no lease agreement was entered into between plaintiff and defendant.
 

 |9In the case of
 
 Moody Inv. Corp. v. Occupants of 901 East 70th St.,
 
 43,396 (La.App. 2 Cir. 8/13/08), 990 So.2d 119, the court said that
 

 In an eviction proceeding against an occupant, the petitioner is required to make a prima facie showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the occupancy has ceased.
 
 R & R Land Company v. Lawson,
 
 427 So.2d 1356 (La.App. 2d Cir.1983).
 

 
 *661
 
 As plaintiff has not sufficiently proved title, she has not born the burden of proof necessary to evict defendant.
 

 We find that the trial court did not err in denying plaintiffs Petition for Eviction and Removal of Structure. Accordingly, the judgment of the trial court is affirmed. All costs are assessed against appellant.
 

 AFFIRMED
 

 [1]
 

 . In her petition, plaintiff states that she initially instituted suit in Justice of the Peace Court, however, that court ruled that it had no jurisdiction.
 

 [2]
 

 . The structure and the patio are covered by one continuous roof.
 

 [3]
 

 . LA-C.C.P. art. 3657 states:
 

 The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the pos-sessory action is abated.
 

 When, except as provided in Article 3661(l)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
 

 If, before executory judgment in a possesso-ry action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.