| | | |
|---|---|---|
| KENDRA GOODMAN GLAZER | * | NO. 2023-CA-0502 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| TODD GLAZER | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03729, DIVISION "I-14"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

**DYSART, J. CONCURS IN THE RESULT AND ASSIGNS REASONS**
**HERMAN, J., CONCURS IN THE RESULT**

Jeffrey M. Hoffman
Sarah J. Flettrich
Elizabeth K. Fox
HOFFMAN NGUYEN & KUEHL, L.L.C.
643 Magazine Street
Suite 401
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Yvette Anne D'Aunoy
Ira Joel Middleberg
Jean-Paul J. Morrell
MIDDLEBERG RIDDLE GROUP
909 Poydras Street
Suite 1400
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL CONVERTED TO AN APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT VACATED AND SET ASIDE; REMANDED**
**APRIL 3, 2024**

SCJ

Defendant, Todd Glazer ("Mr. Glazer"), appeals the April 27, 2023 judgment of the trial court ordering that he shall no longer communicate with the children's school. For the following reasons, we convert the appeal to an application for supervisory writ, grant the writ, vacate and set aside the April 27, 2023 judgment and remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Kendra Goodman Glazer ("Ms. Goodman") and Mr. Glazer entered into a consent judgment in September 2020 that awarded joint custody of their two minor children, with Ms. Goodman designated as domiciliary parent. Timothy Kemery was appointed as the parenting coordinator. Thereafter, Mr. Glazer and Ms. Goodman signed a parenting coordinator contract with Mr. Kemery.

Mr. Kemery corresponded with Ms. Goodman and Mr. Glazer in December 2021, noting that he was disturbed by Mr. Glazer's actions of involving the children's school in family disputes and recommended that there shall be no communication between Mr. Glazer and the children's school, medical doctors,

1

and other health providers. Mr. Kemery further recommended that Mr. Glazer's communication with the entities should first be sent to him or Ms. Goodman for discussion and review. Mr. Kemery was subsequently discharged as the parenting coordinator.

Ms. Goodman filed an eighth rule for contempt and moved to modify custody, reappoint parenting coordinator, and for a custody evaluation in January 2022. Ms. Goodman alleged that Mr. Glazer incessantly contacts the children's school and harass the administration and teachers in a manner that is alarming.

The trial court held a hearing on the matter on February 10, 2023, and rendered judgment in open court ordering that Mr. Glazer shall no longer communicate with the children's school. The written judgement was signed on April 27, 2023. Thereafter, Mr. Glazer filed a motion for appeal.

## DISCUSSION

*Ms. Goodman's Motion to Dismiss*

Frist, we address Ms. Goodman's motion to dismiss the appeal. Ms. Goodman argues that the April 27, 2023 judgment is not a final, appealable judgment because it does not dispose of all the issues in her pleading and was not designated as final.

When a judgment only partially determines the merits of an action, it is a partial judgment and is immediately appealable if authorized by La. C.C.P. art. 1915. *Cent. Bldg. Servs., LLC v. St. Augustine High Sch., Inc.*, 2018-0427, p. 2 (La. App. 4 Cir. 10/17/18), 258 So.3d 103, 105 (quoting *O'Bannon v. Moriah Tech., Inc.*, 2017-0728, p. 6 (La. App. 1 Cir. 3/29/18), 248 So.3d 392, 398). Article 1915 separates partial judgments into two categories, "(1) those under Article 1915 (A), which lists six specific types of partial final judgments that are appealable without

2

being designated as final by the trial court; and (2) those covered by Art. 1915 (B), which provides that any other partial judgment (excluding those listed in Part A) is not deemed to be final, and not subject to appeal, unless the trial court designates it as such." *Cent. Bldg. Servs., LLC*, 2018-0427, pp. 2-3, 258 So.3d at 105 (quoting *Andrew Paul Gerber Testamentary Trust v. Flettrich*, 2016-0065, pp. 4-5 (La. App. 4 Cir. 11/2/16), 204 So.3d 634, 637-38).

Specifically, La. C.C.P. art. 1915(B) provides in pertinent part:

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal . . . .

Here, the April 27, 2023 judgment pertained to Ms. Goodman's request for modification of the consent judgment, ordering that Mr. Glazer shall no longer communicate with the children's school. The judgment does not adjudicate all of the issues within Ms. Goodman's eighth rule for contempt and motion to modify custody, or the other demands in her pleading. Further, the trial court did not designate the judgment as final after an express determination that there was no just reasons for delay. Considering that the conditions precedent to finalization of a partial judgment do not exist in this matter, the April 27, 2023 judgment is not appealable.

Next, we consider whether to convert Mr. Glazer's appeal into an application for supervisory writ. In certain circumstances, an appellate court may exercise its discretion to convert an appeal of an interlocutory judgment that is not

immediately appealable into a supervisory writ application. *Lirette v. Adams*, 2022-0552, p. 15 (La. App. 4 Cir. 1/31/23), *writ denied*, 2023-00434 (La. 5/23/23), 360 So.3d 1258 (quoting *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 2012-0906, 2012-0907, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 562). "Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can-when appropriate–convert the improper appeal to such an application." *Perry v. F.H. Myers Constr. Corp.*, 2023-0064, p. 5 (La. App. 4 Cir. 11/2/23), 377 So.3d 331, 335, *writ denied*, 2023-01584 (La. 2/6/24) (quoting *Joseph v. Wasserman*, 2021-0138, p. 4 (La. App. 4 Cir. 12/17/21), 334 So.3d 413, 417). When confronted with lack of appellate jurisdiction, we have converted the appeal to an application for supervisory writ under the circumstances in which the appeals were filed within the thirty-day period allowed for the filing of applications for supervisory review. *Perry*, 2023-0064, p. 5, 377 So.3d at 335 (citing *Freeman v. Phillips 66 Co.*, 2016-0247, p. 3 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 44).

Mr. Glazer's motion for appeal was filed on May 11, 2023, which is within the thirty-day period allowed to seek the supervisory jurisdiction of the appellate court. Therefore, we exercise our discretion to convert the appeal of the April 27, 2023 judgment into an application for supervisory writ. Consequently, Ms. Goodman's motion to dismiss appeal is denied.

We now turn on the merits of the appeal. Mr. Glazer list two assignments of error, all which relate to the permanent injunction issued by the trial court during the hearing.[1]

---

[1] Mr. Glazer assigns two assignments of error: 1) the trial court denied Mr. Glazer due process by issuing a permanent injunction prior to allowing him to put on a defense, and 2) the trial court

*Communication Injunctive Relief*

Mr. Glazer argues that the trial court's April 27, 2023 judgment is not a custody judgment but is a permanent injunction. Mr. Glazer contends that the judgment prohibits him from communicating with the children's school and the trial court erred in issuing such a judgment without a trial on the merits.

In opposition, Ms. Goodman argues that a litigant must apply for injunctive relief and she did not apply for it in accordance with La. C.C.P. art. 3601, therefore, the trial court did not render injunctive relief. Ms. Goodman asserts that the trial court's judgment followed Mr. Kemery's recommendation after testimony by both parties.

Our review of Ms. Goodman's pleading reveals that she requested a modification of the custody order to prohibit Mr. Glazer's communication with the children's medical, educational, religious, and extracurricular providers. "Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action." *Forrester v. Bruno*, 2018-0648, p. 13 (La. App. 4 Cir. 5/1/19), 363 So.3d 357, 367 n. 11 (quoting *Reynolds v. Brown,* 2011-525, p. 6 (La. App. 5 Cir. 12/28/11), 84 So.3d 655, 658-59). It is well-settled that a prohibitory injunction is one that seeks to restrain a conduct. *Meredith v. I Am Music, LLC*, 2018-0659, p. 5 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1146 (quoting *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 2016-0566, p. 8 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1035 n.4). The trial court's judgment provides that

---

improperly issued a permanent injunction without following the proper procedure of an ordinary proceeding, trial on the merits and determination of a preponderance of the evidence.

"Mr. Glazer shall no longer communicate with the children's school." All things considered, we find that the trial court issued a permanent injunction.

Appellate courts review the issuance of a permanent injunction under the manifest error standard. *Davas v. Saia*, 2023-0090, p. 5 (La. App. 4 Cir. 10/6/23), 376 So.3d 288, 292 (citing *New Jax Condominiums Ass'n, Inc. v. Vanderbilt New Orleans, LLC*, 2016-0643, p. 13 (La. App. 4 Cir. 4/26/17), 219 So.3d 471, 481). La. C.C.P. art. 3601 provides that "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant . . ." The issuance of a permanent injunction takes place after a trial on the merits in which the burden of proof must be founded on a preponderance of the evidence. *City of New Orleans v. New Orleans Civil Serv. Comm'n*, 2020-0521, p. 3 (La. App. 4 Cir. 12/1/21), 332 So.3d 717, 720 (quoting *Elysian Fields Church of Christ v. Dillon*, 2008-0989, p. 8 (La. App. 4 Cir. 3/18/09), 7 So.3d 1227, 1232).

Here, the relief granted by the trial court disposed of a principal demand raised in Ms. Goodman's pleading. Trial on the permanent injunction never took place and the trial court failed to implement the correct procedures at the February 10, 2023 hearing, as it was required to have a full trial on the merits before ruling on a principal dispute. Therefore, we find that the trial court erred as a matter of law by issuing a permanent injunction absent a full evidentiary hearing.

**CONCLUSION**

For the foregoing reasons, we convert the appeal to an application for supervisory writ and grant the writ. The April 27, 2023 judgment is vacated and set aside. Accordingly, this matter is remanded for further proceedings consistent with this opinion.

**APPEAL CONVERTED TO AN APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT VACATED AND SET ASIDE; REMANDED**