DUSTIN BROWN

VERSUS

RLC TRUCKING LLC, GUIDEONE MUTUAL

INSURANCE COMPANY, AND CHARLES

JOHNSON

NO. 24-C-431

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

September 20, 2024

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** GUIDEONE MUTUAL INSURANCE COMPANY, RLC TRUCKING, LLC AND CHARLES JOHNSON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LAUREN D. ROGERS, DIVISION "E", NUMBER 90,653

Panel composed of Judges Fredericka Homberg Wicker, Jude G. Gravois, Marc E. Johnson, John J. Molaison, Jr., and Scott U. Schlegel

## WRIT GRANTED IN PART; DENIED IN PART

In this emergency writ application, relators/defendants, RLC Trucking, LLC, GuideOne Mutual Insurance Company, and Charles Johnson, seek this Court's supervisory review of the trial court's September 19, 2024 judgment which denied their motion *in limine* to exclude evidence of direct negligence of RLC Trucking and their motion *in limine* to exclude evidence of lost wages or loss of earning capacity. For the following reasons, we grant the writ in part (as to defendants' motion *in limine* to exclude evidence of direct negligence of RLC Trucking), and deny the writ in part (as to defendants' motion *in limine* to exclude evidence of lost wages or loss of earning capacity).

### *FACTS AND PROCEDURAL BACKGROUND*

On June 28, 2022, plaintiff, Dustin Brown, filed a petition for damages, alleging that on March 20, 2022, he was traveling west in the right lane of Highway 90 in St. Charles Parish when a truck operated by Charles Johnson

entered his lane and collided with him. Plaintiff alleged that he sustained serious injuries to his neck and back as a result of Mr. Johnson's negligence in the following respects: entering an intersection and attempting a right turn from the extreme left-hand lane in violation of La. R.S. 32:101; failing to maintain reasonable and proper control of the vehicle under his control on a public road; operating a vehicle under his control in a reckless and negligent manner; failing to see what should be seen; and any other acts of negligence which were the cause of the accident. Plaintiff claimed that at the time of the accident, Mr. Johnson was acting within the course and scope of his employment at RLC Trucking, and thus, RLC Trucking is liable for the negligent fault, acts, and omissions of its employee.

On September 16, 2024, defendants' motion *in limine* to exclude evidence of direct negligence of RLC Trucking and motion *in limine* to exclude evidence of lost wages or loss of earning capacity, came before the trial court for a hearing. The trial court signed a written judgment denying both motions on September 19, 2024. Trial on this matter is scheduled for September 23, 2024.

## ANALYSIS

### Motion in Limine to Exclude Evidence of Direct Negligence of RLC Trucking

In their motion *in limine* to exclude evidence of direct negligence of RLC Trucking, defendants sought to prohibit plaintiff and his witnesses from asking questions, making arguments, or giving testimony related to the direct negligence of RLC Trucking, specifically testimony concerning its hiring, training, supervision, and retention of Mr. Johnson. Defendants argued that plaintiff never asserted a direct negligence claim against RLC Trucking in any manner in his petition. Defendants claimed they did not receive notice that plaintiff intended to introduce evidence that RLC Trucking was directly negligent until it received plaintiff's pretrial order inserts on August 23, 2024. In the pretrial order, plaintiff listed three witnesses he intended to call for the following purpose:

> Individually and as representative(s) and/or designee(s) of RLC Trucking LLC - Course and scope of employment of Charles Johnson; insurance coverage; property damage; employment history, hiring, training, supervision, retention of Charles Johnson; RLC Trucking policies and procedures regarding the foregoing; FMCSA and DOT rules and regulations and compliance therewith; foundation testimony for the admissibility of Chares Johnson's employment file and RLC Trucking's business records, including any alcohol and drug testing of Charles Johnson at any time.

2

In response, as part of their pre-trial inserts, defendants stated that the issue of whether any evidence of RLC Trucking's hiring, training, and supervision practices is admissible is contested and any evidence relating to the alleged direct negligence of RLC Trucking is irrelevant and inadmissible.

In opposition to the motion *in limine*, plaintiff argued that he did not learn until June 26, 2024, when Mr. Johnson's deposition was taken, that RLC Trucking did not provide Mr. Johnson with any driving training. Plaintiff argued he had attempted to take Mr. Johnson's deposition for 21 months, and it wasn't until a hearing date was set on his motion to compel that defendant produced Mr. Johnson for his deposition.[1] Additionally, at the hearing on this matter, plaintiff asserted that in February 2023, he filed a witness and exhibit list and disclosed as a witness a representative of RLC Trucking for the purpose of testifying concerning the hiring, training, supervision, and retention of Mr. Johnson.[2] Plaintiff argued that although his petition does not have an express claim for direct negligence against RLC Trucking, it does allege facts necessary to support this cause of action. Plaintiff also argued that outside the claim of direct negligence, the evidence of RLC Trucking's policies and procedures is relevant to the issue of the scope of Mr. Johnson's duty to plaintiff and whether the collision that occurred was foreseeable.

Following the hearing on the motion, the trial court orally denied the motion and stated:

> So as it relates to the direct negligence, I'm going to deny the motion *in limine*. It seems clear to me that the defense was on notice and they tried for two years. The plaintiff tried for two years to get a deposition, and I think a lot of the -- I think a lot of the testimony and evidence about direct negligence is going to overlap with the vicarious liability. So at this time, I'm going to deny the motion *in limine* as it regards to the direct negligence.

In their writ application, defendants argue that the trial court erred in denying their motion *in limine* since any evidence related to the hiring, training, supervision, or retention of Mr. Johnson is beyond the scope of the pleadings and

---

[1] Importantly, plaintiff's opposition to the motion *in limine* contained in the writ application fails to explain or indicate why plaintiff did not or could not have filed an amended petition specifically asserting a claim of direct negligence of RLC Trucking right after plaintiff's deposition was taken in June 2024. Plaintiff did not assert or indicate in his opposition to the motion *in limine* that any pretrial deadlines had passed making it too late to file such an amended petition, or if such a deadline had passed, why he should not still have been allowed to file an amended petition after the deadline had passed because of the circumstances presented.

[2] This exhibit and witness list was not included in the writ application.

allows for the introduction of a new cause of action on the eve of trial, thereby prejudicing defendants.

A motion *in limine* presents an evidentiary matter that is subject to the great discretion of the trial court. *Moonan v. Louisiana Med. Mut. Ins. Co.*, 16-113 (La. App. 5 Cir. 9/22/16), 202 So.3d 529, 534, *writ denied,* 16-2048 (La. 1/9/17), 214 So.3d 869.

It is well-established that Louisiana is a fact pleading state. La. C.C.P. art. 862; *Reynolds v. Brown*, 11-525 (La. App. 5 Cir. 12/28/11), 84 So.3d 655, 658-59. The theory of the case doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, was abolished. *Solis v. NPK, LLC*, 10-465 (La. App. 5 Cir. 3/29/11), 63 So.3d 236, 238, *writ denied*, 11-1094 (La. 9/16/11), 69 So.3d 1145; *First S. Prod. Credit Assoc. v. Georgia-Pacific*, 585 So.2d 545, 548 (La. 1991). The party must set forth facts supporting the cause of action, but is not required to assert all theories of recovery. *Solis*, 63 So.3d at 238. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. *Trust for Schwegmann v. Schwegmann Family Trust*, 05-95 (La. App. 5 Cir. 5/31/05), 905 So.2d 1143, 1147.

The Louisiana Supreme Court noted in *Martin v. Thomas*, 21-1490 (La. 6/29/22), 346 So.3d 238, that a claim subject to *respondeat superior* and a claim of negligent hiring or negligent entrustment are separate and independent theories of liability. *Id*. at 243 (citing *Roberts v. Benoit*, 605 So.2d 1032, 1037 (La. 1991)); *see also Chaisson v. Progressive Ins. Co.*, 21-0669 (La. App. 4 Cir. 7/27/22), 345 So.3d 1131, 1135.

It is uncontested that plaintiff's petition for damages does not specifically allege a direct negligence claim against RLC Trucking, and it is uncontested that plaintiff has not filed an amended petition for damages. The petition for damages only alleges that due to Mr. Johnson's negligence in operating his vehicle while in the course and scope of his employment, plaintiff sustained serious injuries. We do not find that the facts alleged in plaintiff's petition for damages support a claim against RLC Trucking for the negligent hiring, training, supervision, and retention of its employee. As such, we find the trial court abused its discretion in denying the motion *in limine* to exclude evidence of direct negligence of RLC Trucking.

Accordingly, we grant defendants' writ application in part and reverse the trial court's ruling denying defendants' motion *in limine* to exclude evidence of direct negligence of RLC Trucking.

**Motion in Limine to Exclude Evidence of Lost Wages or Loss of Earning Capacity**

In defendants' motion *in limine* to exclude evidence of lost wages or loss of earning capacity, they asserted that plaintiff has not produced any corroborating testimony or documentation to support his claims of lost wages or loss of earning capacity and has never supplemented defendants' written discovery. Thus, defendants argue plaintiff should be precluded from offering any evidence to support a loss of wage or loss of earning capacity claim at trial.

In plaintiff's deposition, parts of which were attached to the motion *in limine* and the opposition thereto, plaintiff stated that at the time of the accident, he was a process operator at Valero, and he missed two days of work as a result of the accident. Since he started working at Valero, he served on Emergency Response Teams. Though he is still considered part of an Emergency Response Team, since the accident, he cannot participate and thus does not receive the "extra income." He testified that by being on the team, he would receive an additional $.40 per hour and he also had the opportunity for overtime training days. Since the accident, he is able to go to in-class trainings, but is not able to participate in "different outside trainings."

In opposition, plaintiff argued that he is only seeking a claim for future lost wages – specifically that he will not be able to earn certain overtime hours and the additional $.40 per hour as he did before the accident. Plaintiff argued that the jury should be left to weigh the evidence and determine if he is entitled to an award.

At the hearing on this motion *in limine*, plaintiff's counsel stated that he was not seeking a claim for lost earning capacity, only lost wages. He also informed the trial court that he would not be admitting into evidence any documents that have not been provided to the defense, but also stated that he did "disclose certain people that [plaintiff] works with at the plant to buttress all of that testimony."

Upon review, on the showing made, we find no error in the trial court's denial of defendants' motion *in limine* to exclude evidence of lost wages or loss of earning capacity. We find that the issue in this motion *in limine* relates more to the weight and credibility of the evidence in question, instead of the admissibility of the evidence. Accordingly, the writ application is denied as to the judgment

5

denying defendants' motion *in limine* to exclude evidence of lost wages or loss of earning capacity.

**CONCLUSION**

For the foregoing reasons, this writ application is granted in part and denied in part. The writ application is granted in part, and the trial court's ruling denying defendants' motion *in limine* to exclude evidence of direct negligence of RLC Trucking is reversed. The writ application is denied in part as to the judgment denying defendants' motion *in limine* to exclude evidence of lost wages or loss of earning capacity.

Gretna, Louisiana, this 20th day of September, 2024.

**JGG**
**FHW**
**SUS**

DUSTIN BROWN

VERSUS

RLC TRUCKING LLC, GUIDEONE MUTUAL

INSURANCE COMPANY, AND CHARLES

JOHNSON

NO. 24-C-431

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**MOLAISON, J., CONCURS IN PART AND DISSENTS IN PART**

While I concur with the majority that the trial court correctly denied the relators' motion in limine to exclude evidence of lost wages or loss of earning capacity,[3] I disagree with granting the motion in limine to exclude evidence of direct negligence of RLC Trucking. As our supreme court recently opined in *Martin v. Thomas*, 21-01490 (La. 6/29/22), 346 So.3d 238, 242–43:

> Louisiana's Code of Civil Procedure establishes a system of fact pleading. La. Code Civ. Proc. art. 891. So long as the facts constituting a cause of action are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. *First S. Prod. Credit Ass'n v. Georgia-Pac.*, 585 So.2d 545, 548 (La. 1991). This allows a plaintiff to recover under whatever legal theory is appropriate based on the facts pleaded. *Perkins v. Scaffolding Rental & Erection Serv.*, 568 So.2d 549, 553 (La. 1990). Further, Louisiana Code of Civil Procedure art. 892 provides for pleading two or more causes of action in the alternative, "even though the legal or factual bases thereof may be inconsistent or mutually exclusive."

After a review of the plaintiff's petition, I conclude that the facts of negligence alleged generally are sufficient to allow evidence of RLC Trucking's direct negligence at trial. For these reasons, I would deny the writ in its entirety. I also note that the relators have an adequate remedy on appeal in the event of an adverse judgment.

**JJM**

---

[3] According to my reading of the hearing transcript, the plaintiff's claim is only for future lost wages, not loss of future earning capacity.

24-C-431

| DUSTIN BROWN | NO. 24-C-431 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| RLC TRUCKING LLC, GUIDEONE MUTUAL | COURT OF APPEAL |
| INSURANCE COMPANY, AND CHARLES | STATE OF LOUISIANA |
| JOHNSON | |

**JOHNSON, J., CONCURS IN PART AND DISSENTS IN PART**

I, respectfully, concur in part and dissent in part for the reasons set forth in Judge Molaison's concurrence in part and dissent in part.

**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **09/20/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-431**

### E-NOTIFIED
29th Judicial District Court (Clerk)
Honorable Lauren D. Rogers (DISTRICT JUDGE)
Przemek M. Lubecki (Respondent)          Lee M. Peacocke (Relator)

### MAILED
Kristen L. Burge (Relator)
Attorney at Law
400 Poydras Street
Suite 1300
New Orleans, LA 70130